IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| KELCEY ROCKEMORE, | : | |
| | : | |
| Plaintiff, | : | |
| | : | 5:16-CV-325 (CAR) |
| v. | : | |
| | : | |
| PHILLIP TOBIN (in both his | : | |
| individual and official capacity as | : | |
| a Thomaston Police Officer), and | : | |
| CITY OF THOMASTON, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## ORDER ON MOTION TO SEAL AND FOR PROTECTIVE ORDER

Before the Court is Defendant City of Thomaston's Motion to Seal and for Protective Order [Doc. 6]. Defendant City of Thomaston requests the Court seal the Summons [Doc. 4] and Plaintiff's Motion for Alternative Service [Doc. 5], both of which identify Defendant Phillip Tobin's home address. Further, Defendant City requests the Court direct Plaintiff to refile an Amended Summons and an Amended Motion for Alternative Service with Defendant Tobin's home address redacted. Plaintiff initially opposed the Motion.[1] After Defendant Tobin waived service, however, Plaintiff agreed to withdraw the Motion for Alternative Service and consented to the Motion to Seal.[2] For the reasons set forth below, Defendant's Motion is **GRANTED**.

---

[1] [Doc. 7].
[2] [Doc. 9].

1

It is well-settled in the Eleventh Circuit that "[t]he operations of the courts and the judicial conduct of judges are matters of utmost public concern," and the integrity of the judiciary is maintained by the public's right of access to court proceedings.[3]  "Once a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case."[4]  Accordingly, "there is a presumptive right of public access to pretrial motions of a non-discovery nature, whether preliminary or dispositive, and the material filed in connection therewith."[5]  However, "[t]he common law right of access may be overcome by a showing of good cause, which requires balancing the asserted right of access against the other party's interest in keeping the information confidential."[6]  In that regard, "[a] party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information."[7]  Similarly, Federal Rule of Civil Procedure 5.2(e)(1) authorizes a district court to require redaction of information upon a showing of good cause.[8]

Here, Defendant City represents that Defendant Tobin faces "very real threats" as a former police officer, "especially given the recent fervor against law enforcement."[9]  Such threats are particularly serious because this case arises from Defendant Tobin's alleged excessive use of force while arresting Plaintiff.  Thus, the Court finds Defendant

---

[3] *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007).
[4] *Brown v. Advantage Engineering, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992).
[5] *Romero*, 480 F.3d at 1246 (internal quotation omitted).
[6] *Id.*
[7] Id.
[8] FED. R. CIV. P. 5.2(e)(1).
[9] [Doc. 6-1] at 2.

Tobin's privacy interest in his home address overcomes the presumption in favor of public access, and good cause exists to seal the Summons and Motion for Alternative Service.[10]  Accordingly, Defendant's Motion [Doc. 6] is **HEREBY GRANTED**; it is **ORDERED** that the Summons [Doc. 4] and Motion for Alternative Service [Doc. 5] be sealed; and Plaintiff is **DIRECTED** to refile an Amended Summons with Defendant Tobin's home address redacted.[11]

    **SO ORDERED,** this 22nd day of December, 2016.

                                            S/ C. Ashley Royal
                                            C. ASHLEY ROYAL, JUDGE
                                            UNITED STATES DISTRICT COURT

---

[10] *See Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1182-84 (9th Cir. 2006) (affirming magistrate judge's decision to seal documents containing officers' home addresses to avoid "expos[ing] the officers and their families to harm or identity theft"); *Reaves v. Jewell*, No. DKC–14–2245, 2014 WL 6698717, at *2 (D. Md. Nov. 26, 2014) (unpublished decision) (finding "[p]rotecting the safety of law enforcement qualifies as good cause" to seal summons); *Aros v. Robinson*, No. CV–04–306–PHX–SRB (LOA), 2010 WL 3025515, at *1 (D. Ariz. July 30, 2010) (unpublished decision) (finding good cause to seal documents containing home addresses of prison officials).

[11] Having withdrawn the Motion for Alternative Service, Plaintiff need not refile it.